## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**LAUREN B.,**

**Plaintiff,**

**v.**                                                                 **No. 23-cv-00402 JHR**

**MARTIN O'MALLEY,**
**Commissioner of Social Security,**

**Defendant.**

### MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S BRIEF [DOC. 13] AND AFFIRMING THE COMMISSIONER'S FINAL DECISION

Before the Court is Plaintiff Lauren B.'s Brief in Chief, which is effectively a motion to reverse and remand. [Doc. 13]. The Commissioner filed a response [Doc. 19] and Plaintiff replied [Doc. 20]. Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73(b), the parties consented to Magistrate Jerry H. Ritter resolving Plaintiff's challenge to the Commissioner's final decision on her application for Social Security benefits and entering final judgment in this appeal. [Doc. 5]. Having reviewed the parties' briefing and the Administrative Record, the Court find that Plaintiff's arguments do not warrant remand and therefore the Court **DENIES** Plaintiff's Motion and **AFFIRMS** the decision of the Commissioner denying benefits.

## I.      BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed for disability insurance benefits and supplemental security income on April 25, 2019. AR at 17. Plaintiff alleged disability beginning on December 4, 2011, but later amended the onset date to August 1, 2016. *Id.* These claims were initially denied on October 7, 2019, and again upon reconsideration on April 23, 2020. On September 13, 2022, Administrative Law Judge ("ALJ") Michelle Lindsay held a video hearing attended by Plaintiff, her attorney, and an impartial vocational expert. *Id.* The ALJ issued her decision denying benefits in October 2022. [Doc. 19, p.

2]. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. *Id.* (citing 20 C.F.R. §§ 404.981, 422.210(a)).

In her Brief, Plaintiff claims that the ALJ failed to include a residual functional capacity ("RFC") limitation accounting for psychological consultant Dr. Padilla's opinion even though the ALJ found the opinion persuasive. [Doc. 13, p. 4, 5]. Plaintiff particularly object to the lack of recognition that Plaintiff's "ability to concentrate and persist at tasks of basic work is moderately impaired." *Id.* at 5. Plaintiff challenges the RFC's limitation to simple work without further limitation. *Id.* Plaintiff also alleges error in the ALJ finding a moderate limitation in concentration, persistence, and pace in the Step 3 paragraph B analysis yet not including a corresponding limitation in the RFC. *Id.* at 7.

The Commissioner responds that Plaintiff's argument is "highly technical," misunderstands the meaning of "moderate" mental limitations, and too narrowly frames the ALJ's duty to account for them; in summary, "because the ALJ's mental RFC finding adequately accounted for Plaintiff's moderate concentration limitations, Plaintiff has identified no cause for remand." [Doc. 19, p. 11]. In support, the Commissioner explains the difference between the paragraph B criteria for evaluating mental disorders at Step 3 and the RFC assessment at Step 4. *Id.* at 11–13. He describes the interplay between the two: "the ALJ was tasked with translating Dr. Padilla's moderate rating into specific work-related functional limits and concluded that Plaintiff retained the mental RFC to perform a range of simple, unskilled work not performed at an assembly-line pace." *Id.* at 16.

## II.    THE COMMISSIONER'S FINAL DECISION

A claimant seeking disability benefits must establish that he is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment

which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The Administration must apply a five-step analysis to determine eligibility for benefits. 20 C.F.R. § 404.1520(a)(4).[1]

### Steps 1 and 2

At Step 1, the ALJ found Plaintiff had not engaged in substantial gainful activity since the amended alleged onset date of August 1, 2016. AR at 19. At Step 2, the ALJ found that Plaintiff had severe impairments of degenerative disc disease; migraine headaches; history of traumatic brain injury; generalized anxiety disorder; and pervasive depressive disorder. AR at 20. The ALJ found Plaintiff's mild, intermittent asthma was not severe and responded to treatment. *Id.*

### Step 3

At Step 3, the ALJ found that Plaintiff's impairments did not meet or equal the severity of any listed *per se* disabling impairment. *Id.* In this regard, the ALJ considered Listing 1.15 for spine-related impairments and the listing for headache disorder. *Id.* The ALJ also applied the "paragraph B" criteria for evaluating mental impairments but concluded that Plaintiff did not meet or equal a listing notwithstanding moderate limitations in all four "paragraph B" categories: (1) understanding, remembering or applying information; (2) interacting with others; (3) concentrating, persisting, maintaining pace; and (4) adapting or managing oneself. *Id.* The ALJ discussed her reasons for finding mental limitations in each category. *Id.* Further, the ALJ considered the "paragraph C" criteria for evaluating mental health symptoms and found that

---

[1] These steps are summarized in *Allman v. Colvin*, 813 F.3d 1326, 1333 n.1 (10th Cir. 2016). Regulations for determining whether a claimant is disabled for purposes of for both DIB and SSI are identical but are nonetheless codified in two separate parts of the Code of Federal Regulations. Part 404 of Title 20 governs DIB while Part 416 governs SSI. The Court cites only the applicable regulations in Part 404, but the analogous regulations in Part 416 apply as well.

Plaintiff's conditions were not "serious and persistent" and thus did not meet that listing. AR at 22.

*Residual Functional Capacity*

When a claimant does not meet a listed impairment, the ALJ must determine the claimant's residual functional capacity, or "RFC." 20 C.F.R. § 404.1520(e). Residual functional capacity is a multidimensional description of the work-related abilities a claimant retains despite his impairments. 20 C.F.R. § 404.1545(a)(1). It "does not represent the *least* an individual can do despite his or her limitations or restrictions, but the *most*." SSR 96-8p at *Definition of RFC*. The ALJ determined that Plaintiff could perform light work with the following limitations:

> [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she can frequently climb stairs and ramps, but can never climb ladders, ropes, or scaffolds. She can occasionally stoop, crouch, kneel, and crawl, she must completely avoid unprotected heights. She cannot work in more than moderate noise. She is able to understand, remember, and carry out simple instructions. She is able to maintain attention and concentration to perform and persist at simple tasks at a consistent pace to two hours at a time without requiring redirection to task. She cannot perform rapid assembly-line paced work. She can have occasional interaction with the general public and with coworkers and supervisors. She requires work involving no more than occasional change in the routine work setting, and no more than occasional independent goal setting or planning. She further requires work that does not involve travel to unfamiliar places as part of the job.

AR at 22. In formulating the RFC, the ALJ considered "all symptoms and the extent to which these symptoms can reasonably be accepted with the objective medical and other evidence" and "the medical opinion(s) and prior administrative medical finding(s)" under the application regulations for the same. *Id.*

Because this appeal only concerns the opinion of consultative psychiatric examiner Eligio Padilla, Ph.D., the Court will not recount the entire RFC narrative discussion but will concentrate

4

on the ALJ's treatment of Dr. Padilla's opinion. AR at 25. Dr. Padilla examined Plaintiff in October

2019. *Id.* The RFC documented Dr. Padilla's opinion:

> Based on examination findings and impressions, it is also the professional opinion
> of this examiner that [Plaintiff's] ability to understand and remember basic
> instructions is not impaired: that her ability to understand and remember more
> complex, multistep instructions is moderately impaired; that her ability to
> concentrate and persist at tasks of basic work is moderately impaired; that her
> ability to interact with the general public, coworkers, and supervisors is mildly
> impaired; and that her ability to adapt to changes in the workplace is markedly
> impaired. She try [sic], but was unable to return to the position she had prior to the
> motor vehicle accident (11F/8).

*Id.* The ALJ found this opinion persuasive and noted that Dr. Padilla's examination and cognitive

function testing supported his findings. AR at 28. However, the ALJ found Dr. Padilla's marked

limitation in Plaintiff's ability to adapt to changes in the workplace inconsistent with other

evidence of record. *Id.*  The ALJ gave several examples of evidence conflicting with the marked

limitation. *Id.* He also noted that Plaintiff's "ability to maintain [her] schedules and perform other

complex functions is not consistent with a marked limitation in the ability to adapt or manage

oneself." *Id.*

### *Steps 4 and 5*

At Step 4, the ALJ found that Plaintiff could not perform her past relevant work as a "teller,

financial," and "coffee maker." AR at 26. At Step 5, the ALJ consulted with a vocational expert to

"determine the extent to which [the RFC] limitations erode the unskilled light occupational base."

AR at 27. In the form of a hypothetical, the ALJ asked the vocational expert whether "jobs exist

in the national economy for an individual with the claimant's age, education, work experience, and

[RFC]." *Id.* The vocational expert responded that given these factors, Plaintiff could fulfill the

requirements of three jobs: (1) "Marker" (DOT 209.587-034, Light, SVP 2); (2) "Routing Clerk"

(DOT 222.687-022, Light, SVP 2); and (3) "Mail Clerk" (DOT 209.687-026, Light, SVP 2). *Id.* Thus, the ALJ determined that Plaintiff was not disabled. *Id.*

### III.   LEGAL STANDARDS

The Court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (quoting *Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir. 2014)).  A deficiency in either area is grounds for remand.  *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012).  The Commissioner's findings are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, requiring more than a scintilla but less than a preponderance.  *See* 42 U.S.C. § 405(g); *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). A decision is not based on substantial evidence if it is overwhelmed by other record evidence.  *Knight ex rel. P.K. v. Colvin*, 756 F.3d 1171, 1175 (10th Cir. 2014).

### IV.   ANALYSIS

The Court agrees with the Commissioner and finds that the ALJ properly accounted for Dr. Padilla's moderate mental limitations in the RFC, which is free from harmful error and supported by substantial evidence. The Tenth Circuit has held that an ALJ can account for a provider's moderate limitation by stating how the claimant is limited in her ability to perform work-related activities (such as limiting the claimant to unskilled work). *Vigil*, 805 F.3d at 1204. Relatedly, the ALJ does not have to include all mental limitations in the RFC to account for the paragraph B findings. *See Bales v. Colvin*, 576 F. App'x 792, 798 (10th Cir. 2014); *Beasley v. Colvin*, 520 F. App'x 748, 754 (10th Cir. 2013).

The ALJ did not err in his consideration of consultative psychiatric examiner Dr. Padilla's moderate limitation. Dr. Padilla found Plaintiff moderately impaired in her ability to concentrate

and persist at basic work. Plaintiff challenges the ALJ's treatment of Dr. Padilla's limitation and

says the RFC is "devoid of this moderate limitation." [Doc. 13, p. 5]. However, the record does

not support Plaintiff's allegation. In her decision, the ALJ considered Dr. Padilla's opinion in full

(stated above) and explained why she did not agree with Dr. Padilla's "marked" limitation in a

different category. AR at 26. Further, she assessed Plaintiff with the same moderate limitation in

concentrating, persisting, or maintaining pace as Dr. Padilla and explained why in her "paragraph

B" analysis:

> [Plaintiff] reported problems with tasks such as preparing meals other than
> sandwiches and frozen foods, managing finances, and playing guitar (6E/8).
> However, she reported she drives, shops in stores, and does household chores
> (6E/6-7). Treatment notes indicate the claimant reported problems with
> concentration to healthcare providers (15F/12, 59); 16F/88). Her ability to sustain
> attention, concentration, and exert mental control is in the Low Average range
> according to her performance on the WAIS-IV(11F/7). Elsewhere, attention and
> concentration were grossly intact on mental status examinations (11F/4). The
> evidence supports finding a moderate limitation . . . with appropriate restrictions,
> discussed below.

AR at 21. The ALJ clarified that the "following [RFC] assessment reflects the degree of limitation"

she found in the paragraph B analysis, including the moderate limitation for concentration,

persistence, and pace. AR at 22.

The ALJ did not have to fashion an identical RFC limitation to match Dr. Padilla's. In fact,

the Tenth Circuit has counseled against such a position:

> The social security ruling on assessing a claimant's RFC cautions that "[t]he
> adjudicator must remember that the limitations identified in the 'paragraph B' ...
> criteria are not an RFC assessment but are used to rate the severity of mental
> impairment(s) at steps 2 and 3 of the sequential evaluation process." SSR 96–8p,
> 1996 WL 374184, at *4 (July 2, 1996). The ALJ's finding of a moderate limitation
> in concentration, persistence, or pace at step three does not necessarily translate to
> a work-related functional limitation for the purposes of the RFC assessment.

*Vigil*, 805 F.3d at 1203. Rather, an ALJ may typically account for a moderate concentration,

persistence, and pace limitation by restricting a claimant to unskilled work under SVP level one

or two. *Id.* (citing POMS § DI 25020.010, § B(3) (noting that the capacity to perform unskilled work includes ability to maintain attention for extended periods of two-hour segments but that concentration is "not critical")).

Here, the ALJ accounted for the moderate concentration, persistence, and pace limitation in the RFC by limiting Plaintiff to SVP 2 level work at Step 5. The RFC limits Plaintiff to "maintain[ing] attention and concentration to perform and persist at simple tasks at a consistent pace for two hours at a time without requiring redirection to task." AR at 22. It specifically accounts for pace by prohibiting "rapid assembly-line paced work." *Id.* Further, limitations to "no more than occasional change in routine work setting . . . and no more than occasional independent goal setting or planning" speak to Plaintiff's limited abilities in this category. *Id.* The RFC thus directly addresses limitations in this category.

The unskilled work jobs the vocational expert identified at Step 5 also incorporate ALJ's and Dr. Padilla's moderate limitation. *Id.* The specific vocational preparation ("SVP") number in a job title indicates the skill level and training the job requires. *See* POMS DI 25001.001 §86; *Vigil*, 805 F.3d at 1201 n.2. Specifically, SVP 2 jobs indicate "unskilled work," or "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 404.1568(a); SSR 00–4p, 2000 WL 1898704, at *3 ("unskilled work corresponds to an SVP of 1–2").

In response to a hypothetical question from the ALJ including all of Plaintiff's RFC limitations, the vocational expert testified Plaintiff could perform three SVP 2 jobs: "marker," "routing clerk," and "mail clerk." AR at 27. Thus, these jobs only require Plaintiff to perform unskilled work which the vocational expert found consistent with her limitations, including those for concentration, persistence, and pace. As explained above, the Tenth Circuit has found such a

restriction to unskilled work sufficient to account for a concentration, persistence, and pace limitation, and Plaintiff has not shown good reason to require more of the ALJ here. Substantial evidence supports the ALJ's decision. The Court finds no error warranting remand.

V.    <u>CONCLUSION</u>

**IT IS THEREFORE ORDERED** that Plaintiff's Brief in Chief requesting reversal and remand [Doc. 13] is hereby **DENIED** and the final decision of the Commissioner to deny benefits is **AFFIRMED**.

**IT IS SO ORDERED.**

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE
PRESIDING BY CONSENT